Lanzinger, J.,
dissenting.
{¶ 31} I agree with Justice Kennedy that the employer in this case was prejudiced when the Industrial Commission failed to provide the medical evaluation reports submitted by the employer to the examining physicians as required by Ohio Adm.Code 4121 — 3—34(0(5)(a)(ii) and that we should reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus. However, instead of striking the reports of Drs. Fitz and Malinky, I would remand the cause and order the commission to grant Old Dominion’s requests for depositions and then hold a new hearing on the application for benefits for permanent total disability.
{¶ 32} While there is no provision for excluding medical reports from consideration at a hearing when a procedural rule of the commission is not followed, Ohio Adm.Code 4121-3-09(A)(8) does set forth a procedure for obtaining the depositions of bureau physicians. This is, in fact, the remedy that Old Dominion requested. Instead of granting this reasonable request, the commission asked Drs. Fitz and Malinky to supplement their reports. It is no surprise that they responded that their opinions had not changed.
{¶ 33} The majority tacitly holds that sending reports four months after the bureau’s physicians concluded their examinations was a sufficient cure for the rule violation. I do not agree. It is undisputed that the doctors did not review the reports of Old Dominion’s medical experts before examining the claimant, Robert L. Mason, as the rule required them to do. Old Dominion maintains that had the doctors read the defense medical reports before the examinations, their opinions may have differed. The majority opinion faults Old Dominion because it “provided no evidence that its medical reports would have changed the doctors’ opinions had they received the reports in advance of their examinations.” Majority opinion at ¶ 20. The majority then remarks that “[bjecause Old *20 Dominion suffered no prejudice when the commission submitted its medical records to Drs. Fitz and Malinky after the examinations were performed, Old Dominion’s request to depose each doctor was unreasonable and properly denied.” Majority opinion at ¶ 23. That, however, is the very point — without the depositions, Old Dominion was precluded from obtaining the evidence to show that it was prejudiced.
{¶ 34} I respectfully submit that this is flawed logic. The commission clearly erred when it failed to provide the medical evaluations submitted by Old Dominion to Drs. Fitz and Malinky before their examinations. The commission then compounded this error by abusing its discretion when it denied Old Dominion’s request to depose the doctors. I would hold that when Ohio Adm.Code 4121 — 3—34(C)(5)(a)(ii) is not followed, the employer should be permitted to depose the bureau’s physicians.